Bsvc copies

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CIVIL RIGHTS COMPLAINT FORM**
**TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983**

LEGAL MAIL
PROVIDED TO
FLORIDA STATE PRISON
DATE 5-7-07 FOR MAILING.
INMATES INITIALS _____

JACK MEYER,
Inmate # 123417.
(Enter full name of Plaintiff)

vs.

CASE NO: 4:07cv 211 MP/AK
(To be assigned by Clerk)

STEVPHEN McDONOUGH -
SECRETARY OF CORRECTIONS,
RANDALL BRYANT -
WARDEN - FLORIDA STATE
PRISON - .

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

2007 MAY 11 PM 1:15
U.S. DISTRICT CT.
NORTHERN DIST. FLA.

FILED

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

07 MAY 14 PM 10:11
U.S. DISTRICT CT.
NORTHERN DIST. FLA.

RECEIVED

DR. ELIO MADAN,
CHEIF HEALTH OFFICER,
FLORIDA STATE PRISON.

I.   **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: JACK MEYER
Inmate Number: 123417
Prison or Jail: F.S.P.
Mailing address: 7819 N.W. 228th St.
RAIFORD, FL.
32026

II.   **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1)   Defendant's name: STEUPHEN McDONOUGH,
      Official position: SECRETARY D.O.C.
      Employed at: D.O.C.
      Mailing address: 2601 BLAIR STONE RD.
      TALLAHASSEE, FL. 32399

(2)   Defendant's name: RANDALL BRYANT
      Official position: WARDEN
      Employed at: F.S.P.
      Mailing address: 7819 N.W. 228th St.
      RAIFORD, FL. 32026

(3)   Defendant's name: DR. ELIO MADDAN
      Official position: CHEIF HEALTH OFFICER
      Employed at: F.S.P.
      Mailing address: 7819 N.W. 228th St.
      RAIFORD, FL. 32026

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

NOTE: THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ANY PRIOR LAWSUITS THAT HAVE BEEN FILED.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff must submit copies of all grievances, appeals, and responses with this complaint to verify exhaustion. Failure to demonstrate exhaustion may be grounds for dismissal.

A. **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?**

   Yes(X)   No( )

   [If your answer is NO, proceed to Question B. If your answer is YES, answer all of the following questions in this subsection.]

   1. **Informal Grievance**

   a. Did you submit an informal grievance?

   Yes(X)   No( )

   ❖ If so, you must attach a copy of the grievance and response; exhibit _____.

   b. If not, why? __NEVER RESPONDED TO__

   2. **Formal Grievance**

   a. Did you submit a formal grievance?

   Yes(X)   No( )

   ❖ If so, you must attach a copy of the grievance and response; exhibit _____.

   b. If not, why? __NEVER RESPONDED TO__

   3. **Appeal to the Office of the Secretary**

   a. Did you submit an appeal to the Office of the Secretary?

   Yes(X)   No( )

   ❖ If so, you must attach a copy of the appeal and response; exhibit _____.

   b. If not, why? __NEVER RESPONDED TO__

3

4. **Disciplinary Actions**

a.  Did you have a disciplinary hearing concerning this matter?

   Yes( )   No(X)

   ❖ If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit _____.

b.  Did you lose gaintime as a result of the disciplinary hearing?

   Yes( )   No(X)

c.  Has the gaintime since been restored?

   Yes( )   No( ) N/A

B. **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

   Yes(X)   No( )

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer the following questions.]

1.  Is there a grievance procedure at your institution or jail?

   Yes(X)   No( )

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer all of the following questions in this subsection.]

2.  Did you submit a grievance concerning the facts relating to your complaint?

   Yes(X)   No( )

3.  If your answer is YES:

   a. What steps did you take? **FILED GRIEVANCE**

   b. What were the results? **NO RESPONSE**

   ❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4.  If your answer is NO, explain why not: _____

_____

4

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

IV. **PREVIOUS LAWSUITS**

    A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )         No(X)

       1. Parties to previous action:
         a. Plaintiff(s): _____
         b. Defendant(s): _____
       2. Name of judge: _____  Case #: _____
       3. County and judicial circuit: _____
       4. Name of judge: _____
       5. Approximate filing date: _____
       6. If not still pending, date of dismissal: _____
       7. Reason for dismissal: _____
       8. Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list state court cases.)**

    B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )         No(X)

       1. Parties to previous action:
         a. Plaintiff(s): _____
         b. Defendant(s): _____
       2. District and judicial division: _____
       3. Name of judge: _____  Case #: _____
       4. Approximate filing date: _____
       5. If not still pending, date of dismissal: _____
       6. Reason for dismissal: _____
       7. Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(X)          No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): JACK MEYER
   b. Defendant(s): MICHIAL MOORE, SECT. D.O.C.
2. District and judicial division: SECOND D.C.A.
3. Name of judge: ALTENBERND    Case #: 2001-1988
4. Approximate filing date: 3/20/2001
5. If not still pending, date of dismissal: 3/3/2002
6. Reason for dismissal: FLORIDA COURTS CLAIM NO JURISDICTION
7. Facts and claims of case: IN REGARDS TO FLORIDA D.O.C. FAILURE TO ABID BY INTERSTATE AGREEMENT

(Attach additional pages as necessary to list cases.)

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )          No(X)

1. Parties to previous action:
   a. Plaintiff(s): _____
   b. Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____    Case Docket # _____
4. Approximate filing date: _____ Dismissal date: _____
5. Reason for dismissal: _____

(Attach additional pages as necessary to list cases.)

6

## V.  STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

### I.

ON 12-12-06 PLAINTIFF WAS TRANSFERED FROM COLUMBIA CORRECTIONAL INSTITUTION, TO FLORIDA STATE PRISON BY ORDER OF DEFENDANT McDONOUGH, EVEN THOUGH THIS DEFENDANT IS AWARE THAT F.S.P. IS NOT APPROVED FOR, NOR EQUIPPED TO HOUSE HANDICAPPED PRISONERS.

### II.

UPON ARRIVAL AT F.S.P., PLAINTIFF WAS TAKEN TO THE MEDICAL DEPARTMENT IN WHICH THE R.N. ON DUTY EXAMINED PLAINTIFFS MEDICAL RECORDS, AND STATED TO THE SECURITY STAFF "THIS INMATED IS A PARAPLEGIC AND NEEDS A WHEELCHAIR AT ALL TIMES". SECURITY STAFFS STATEMENT THAT PLAINTIFF WOULD NOT BE PROVIDED A WHEELCHAIR IN HIS CELL BY ORDERS OF DEFENDANT BRYANT. THE NURSE THEN STATED TO PLAINTIFF "THIS ISNT MY DOING, AS YOUR MEDICAL RECORDS CLEARLY INDICATE YOUR NEED OF A WHEELCHAIR FOR MOBILITY".

### III.

PLAINTIFF IS NOW, AND HAS AT ALL TIMES SINCE BEING TRANSFERED TO F.S.P. BEEN HOUSED IN A NON-HANDICAPPED EQUIPED CELL, THAT DOES NOT HAVE A TOILET OR SINK FOR HANDICAPPED USE.

### IV.

PLAINTIFF HAS NOT BEEN PROVIDED HIS WHEELCHAIR

## FACTS CONTINUED.

IN HIS CELL, FORCING PLAINTIFF TO LOWER HIMSELF TO THE FLOOR, AND SCOOT HIMSELF OVER TO THE TOLIET, AND THEN PULL HIMSELF UP TO AND ON THE TOLIET. PLAINTIFF MUST ALSO REPEAT THIS PROCEEDURE TO USE THE SINK.

### V.

THIS NOT ONLY CAUSES PLANTIFF GREAT PHYSICAL STRAIN, AND DANGER OF FALLING OFF OF THE TOLIET, BUT ALSO CAUSES BLEEDING OF PLAINTIFFS SUBER PUBIC CATHATER, (WHICH IS A TUBE GOING THROUGH PLAINTIFFS GUT INTO THE BLADDER, AND ATTACHED TO A BAG HANGING FROM PLAINTIFFS BED.)

### VI.

THE ONLY TIME PLAINTIFF HAS BEEN AFFORDED THE USE OF HIS WHEELCHAIR, IS TO TAKE A SHOWER. THE SHOWER USED BY PLAINTIFF IS NOT PROPERLY EQUIPED FOR HANDICAPPED INMATES, AS THERE IS NO HOSE ATTACHMENT FOR FOR PLAINTIFF TO BE ABLE TO SHOWER HIS ENTIRE BODY.

### VII.

PLAINTIFF HAS BEEN DENIED AT ALL TIMES SINCE BEING HOUSED AT F.S.P. THE USE OF HIS MEDICAL EQUIPMENT: A GEL MATTRESS FOR PLAINTIFFS BED, WHICH IS NESSASSARY FOR THE PREVENTION OF BLOODCLOTS IN THE LEGS, AS WELL AS PRESSURE SORES, BOTH OF WHICH ARE

## FACTS CONTINUED.

SERIOUS, AND LIFE THREATENING CONDITIONS. PLAINTIFF HAS HAD A NEED FOR THIS EQUIPMENT SINCE SUFFERING A STROKE IN 1999 WHILE IN THE DEPARTMENT OF CORRECTIONS. DEFENDANT DR. MADAN HAS REFUSED TO PROVIDE PLAINTIFF USE OF HIS WHEELCHAIR, AND GEL MATTRESS.

### VIII.

PLAINTIFF HAS HAD THE NEED FOR SPECIFIC MEDICATIONS DEALING WITH HIS MEDICAL CONDITIONS: NEUROTIN, WHICH IS THE ONLY NON-NARCOTIC PAIN MEDICATION THAT IS EFFECTIVE FOR PLAINTIFFS EXTREME NERVE PAIN. AS WELL AS BACLOFIN, WHICH IS USED TO CONTROL VIOLENT MUSCLE SPASIMS IN PLAINTIFFS LEGS, LEFT SIDE OF FACE AND UPPER TORSO. DEFENDANT DR. MADAN HAS REFUSED TO PROVIDE SAID MEDICATION.

### IX.

PLAINTIFF SUFFERS FROM CONSTANT SEVERE INFECTIONS OF HIS SUBER PUBIC DEVICE WHICH REQUIRES ANTI-BIOTIC TREATMENTS, AS WELL AS DAILY BANDAGE CHANGINGS DUE TO DISCHARGE (PUS AND BLOOD). DEFENDANT DR. MADAN, HAS DENIED PLAINTIFF ANTI-BIOTIC TREATMENTS AS WELL AS BANDAGES.

### X.

PLAINTIFF, WHILE HOUSED AT F.S.P. HAS BEEN

## FACTS CONTINUED.

DENIED ANY RECREATION AS THERE DOES NOT EXSIST ANY WHEELCHAIR ACCESSABLE RECREATION FACILITIES. DEFENDANT BRYANT HAS REFUSED TO CORRECT THIS SITUATION.

### XI.

F.S.P. DOES NOT HAVE ANY WHEELCHAIR TRANSPORT VEHICALS, WHICH IS NECESSARY FOR TRANSPORTING PLAINTIFF TO ANY MEDICAL APPOINTMENTS HE MAY HAVE TO OUTSIDE SPECIALIST ECT. PLAINTIFF CAN NOT BE TRANSPORTED BY ANY OTHER MEANS, DUE TO HIS MEDICAL CONDITION. DEFENDANTS BRYANT, AND DR. MADAN, HAVE REFUSED TO PROVIDE SUCH.

### XII.

F.S.P. DOES NOT HAVE ANY HANDICAPPED ACCESSIBLE FIRE EXITS, ONLY STAIRWELLS. THE FACT THAT PLAINTIFF IS HOUSED ON THE SECOND FLOOR OF THE PRISON, SHOULD A FIRE OR OTHER EMERGANCEY OCCUR BLOCKING THE MAIN CORRIDOR, PLAINTIFFS LIFE IS IN JEPORDEY.

### XIII.

EACH DEFENDANT, HAS AT ALL TIMES IN THEIR OFFICIAL CAPASITY, REFUSED TO ADDRESS THE VIOLATIONS SET FORTH BY THE PLAINTIFF. DEFENDANTS HAVE REFUSED

## FACTS CONTINUED.

TO ANSWER, OR EVEN ACKNOWLEDGE PLAINTIFFS GRIEVANCES RELATING TO THESE ISSUES. THEREFORE, FORCING PLAINTIFF TO BRING THIS ACTION BEFORE THIS COURT FOR REDRESS.

### XIV.

DEFENDANT DR. MADAN, HAS AT ALL TIMES REFUSED TO INTERVIEW OR EXAMINE PLAINTIFF. DEFENDANT DR. MADANS ONLY METHOD OF DEALING WITH PLAINTIFF HAS BEEN THROUGH THE NURSING STAFF. PLAINTIFF WAS TOLD BY SEVERAL OF THESE NURSES "F.S.P. DOES NOT HAVE THE MEDICAL BUDGET TO CARE FOR HANDICAPPED PRISONER, SINCE YOU WILL EVENTUALLY BE TRANSFERED, DR. MADAN DOES NOT WANT TO USE MEDICAL BUDGETING RESOURCES ON YOU".

### XV.

DEFENDANT DR. MADAN HAS MADE SEVERAL COMMENTS THAT THE A.D.A. LAWS DO NOT APPLY TO F.S.P., AS THIS PRISON HAS NEVER HOUSED HANDICAPPED PRISONER.

### XVI.

IN FACT, PLAINTIFF IS THE ONLY WHEELCHAIR BOUND

## FACTS CONTINUED.

INMATE BEING HOUSED AT F.S.P.

### XVII.

DEFENDANTS BRYANT, AND DR. MADAN, HAVE HAD MEDICAL AND SECURITY STAFF BOTH, CONTINUALLY INFORM THEM THAT PLAINTIFF SHOULD BE MOVED TO ANOTHER INSTITION WHERE HE CAN PROPERLY BE CARED FOR. AS SECURITY STAFF ARE NOT TRAINED FOR, NOR EQUIPTED TO CARE FOR THE NEEDS OF PLAINTIFF.

### XVIII.

SECURITY STAFF HAS HAD TO REMOVE PLAINTIFF FROM HIS CELL SEVERAL TIMES, AND FORCE THE MEDICAL DEPARTMENT TO SEND ORDERLYS TO CLEAN PLAINTIFFS CELL.

### XIX.

DEFENDANTS HAVE BEEN AWARE AT ALL TIMES TO PLAINTIFFS SITUATION, BUT HAVE REFUSED TO TAKE ACTION TO CORRECT THESE UNLAWFUL CONDITIONS.

### XX.

DEFENDANT DR. MADAN, HAS NEVER INVESTIGATED PLAINTIFFS LIVING CONDITIONS, ALTHOUGH

## FACTS CONTINUED.

AS CHEIF HEALTH OFFICER, DR. MADAN IS REQUIRED TO MAKE WEEKLY INSPECTIONS OF ALL CONFINEMENT UNITS FOR ASSESMENT OF THE LIVING CONDITIONS.

## XXI.

DEFENDANTS ACTIONS DEMONSTRATE A COMPLETE AND TOTAL LACK OF REGARD, FOR, AND DELIBERATE INDIFFERENCE TO PLAINTIFFS SAFETY, AND WELL BEING, AND CONSTITUTES CRIMINAL NEGLECT.

*Jack Meyer*

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

I.

DEFENDANTS HAVE VIOLATED PLAINTIFFS RIGHTS UNDER THE 8th AMENDMENT, THE RIGHT TO ADEQUATE MEDICAL CARE, AS WELL AS TITLE II OF THE AMERICANS WITH DISABILITIES AND REHABILITATION ACT, BY REFUSING TO PROVIDE PLAINTIFF WITH A WHEELCHAIR IN HIS CELL, MEDICALLY NEEDED HANDICAPPED ACCESSABLE CELL, HANDICAPPED EQUIPMENT, AND TREATMENT & MEDICATIONS, AS SET FORTH IN FACTS I, THROUGH XIII.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

PLAINTIFF REQUEST THE COURT TO PROVIDE THE FOLLOWING RELIEF:

I.

THAT DEFENANTS BE ORDERED TO PROVIDE PLAINTIFF HIS WHEELCHAIR FOR USE IN HIS CELL AT ALL TIMES.

(CONTINUED NEXT PAGE)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

5-7-07                           Jack Meyer
(Date)                           (Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 7th day of MAY, 20 07.

                                 Jack Meyer
                                 (Signature of Plaintiff)

Revised 07/02

8

RELIEF CONTINUED.

THAT DEFENDANTS PROVIDE PLAINTIFF WITH A HANDICAPPED EQUIPTED CELL: INCLUDING A TOLIET WITH SAFTY RAILS, A WHEELCHAIR ACCESSABLE SINK, AND DOORWAY WIDE ENOUGH TO ACCOMENDATE A WHEELCHAIR WITHOUT IT HAVING TO BE FORCED THROUGH THE DOORWAY.

II.

THAT DEFENDANTS PROVIDE PLAINTIFF WITH A SHOWER CONTAINING A HOSE AND SHOWER HEAD ATTACHMENT SO THAT PLAINTIFF IS ABLE TO SHOWER HIS ENTIRE BODY.

III.

THAT DEFENDANTS PROVIDE PLAINTIFF HIS MEDICAL MATTRESS (GEL) OR OTHER CUSHIONING DEVICE FOR HIS BED.

IV.

THAT DEFENDANTS PROVIDE PLAINTIFF WITH THE PROPER MEDICATIONS TO TREAT HIS EXTREME AND CONSTANT NERVE PAIN, AS WELL AS MEDICATION TO TREAT PLAINTIFFS VIOLENT MUSCLE SPASIMS.

V.

THAT DEFENDANTS PROVIDE PLAINTIFF WITH

## RELIEF CONTINUED.

ACCESS TO THE RECREATION FACILITIES.

### VI.

THAT DEFENDANTS PROVIDE A WHEELCHAIR TRANSPORT VEHICAL FOR ANY MEDICAL APPOINTMENTS THAT MAY OCCUR.

### VII.

THAT DEFENDANTS PROVIDE HANDICAPPED EQUIPTED CELLS ON EVERY WING AS HAS BEEN DONE AT ALL OTHER INSTITUTIONS, FOR THE FACT THAT HANDICAPPED PRISONERS DUE GET MOVED AROUND.

### VIII.

THAT DEFENDANTS MAKE ALL FIRE EXITS WHEELCHAIR ACCESSABLE.

### IX.

PLAINTIFF REQUEST APPOINTMENT OF LEGAL COUNSEL TO REPRESENT HIM IN THIS ACTION BEFORE THE COURT.
PLAINTIFF HAS NO LEGAL SKILLS, AND HAS NO PHYSICAL ACCESS TO A LAW LIBRARY, OR LAW CLERK.

CONTINUED-

## RELIEF CONTINUED.

### X.

THAT THE COURT ISSUE AN ORDER REFLECTING THAT, DEFENDANTS ACTIONS VIOLATE THE AMERICANS WITH DISABILITIES ACT ACCESSIBILITIES GUIDELINES (ADAAG), AS WELL AS THE UNIFORM FEDERAL ACCESSIBILITIES STANDARDS (UFAS), WHICH STATE THAT FIVE PERCENT OF RESIDENTIAL UNITS IN JAILS, PRISONS, REFORMATORIES, AND OTHER DETENTION OR CORRECTIONAL FACILITIES MUST BE ACCESSIBLE, §4.1.4(9)(C).

### XI.

THAT PLAINTIFF BE GRANTED A TRIAL BY JURY TO PROVE EACH OF HIS CLAIMS.

### XII.

THAT DEFENDANTS BE REQUIRED TO PAY ALL COURT COST FOR FORCING PLAINTIFF TO LITIGATE THIS MATTER.

### XIII.

THAT THIS COURT GRANT EACH OF PLAINTIFFS RELIEF REQUEST, AND ANY OTHER FORMS OF RELIEF THIS COURT BELIEVES NECESSARY.

*Jack Meyer*

JACK MEYER - 123417
FLORIDA STATE PRISON
7819 N.W. 228th St.
RAIFORD, FL. 32026

CLERK, U.S. DISTRICT COURT
111 N. ADAMS STREET
SUITE 322
TALLAHASSEE, FL. 32301-77